UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD EUGENE WARREN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. ) | No. 2:12-cv-0320-WTL-MJD |

**Entry Concerning Selected Matters**

This is an action brought pursuant to the Administrative Procedures Act, 5 U.S.C. § 702 ("APA"). Such an action "may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703.

**I.**

It was noted in the Entry of February 4, 2013, that the official capacity claims against the defendant individuals were in all respects other than name against the agency by which those defendant individuals were employed, that being the Federal Bureau of Prisons. The court then dismissed the official capacity claims against the defendant individuals "as redundant and unnecessary." There were no individual capacity claims, against the defendant individuals. This resulted in the claim being asserted against a single defendant, the Federal Bureau of Prisons.

The plaintiff has protested the dismissal described above. He states: "Since Plaintiff's action is for Gross Malfeasance of each/all of the individuals, my claim against them individually stands as well as against their bad acts to my injury in confederation." The plaintiff's re-characterization of this action as one for "Gross Malfeasance" is unsupported. "Pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005). The action, as he designed and filed it, is pursuant to the APA. "When Congress has created a comprehensive regulatory regime, the existence of a

right to judicial review under the APA is sufficient to preclude a *Bivens* action. Parties may not avoid administrative review simply by fashioning their attack on an agency decision as a constitutional tort claim against individual agency officers." *Nebraska Beef, Ltd. v. Greening*, 398 F.3d 1080, 1084 (8th Cir. 2005)(citing *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971)).

Motions to reconsider serve a very limited purpose and are only appropriate for those "rare" situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)(citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)). There has been no ruling of this nature in this case. Accordingly, the plaintiff's response to the Entry of February 4, 2013, treated as a motion to reconsider [7], is **denied**.

## II.

### A.

The review authorized by the APA is specific: "[A] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

The APA authorizes federal courts to set aside agency actions that are either unconstitutional, *see* 5 U.S.C. § 706(2)(B), or are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See id.* § 706(2)(A). Also, pursuant to the APA, a court may compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The elements of a claim under § 706(1) are the existence of a discrete, ministerial duty; a delay in carrying out that duty; and a determination that the delay was unlawful or unreasonable in light of prejudice to one of the parties. *See Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 65 (2004).

If there has been a decision which the plaintiff challenges pursuant to the APA, that decision must be clearly identified. The plaintiff shall have **through March 12, 2013,** in which to **supplement his complaint** by identifying the decision as to which he seeks review under the APA or, if the matter is presented under § 706(1), by identifying the "agency action unlawfully withheld or unreasonably delayed" and the duty pertaining to such withheld or delayed agency action.

**B.**

Bureau of Prisons' decisions regarding where to house inmates are exempt from challenge under the APA. *See Murray v. Bledsoe,* 650 F.3d 246, 247 n.1 (3d Cir. 2011) (explaining that pursuant to 18 U.S .C. § 3625 the APA's provisions for judicial review of administrative agency decisions do not apply to BOP decisions about where to house inmates governed by 18 U.S.C. § 3621(b)). The plaintiff shall have **through March 12, 2013,** in which **show cause** why any challenge in this action to his housing assignment by the Federal Bureau of Prisons should not be summarily dismissed.

**IT IS SO ORDERED**.

Date: 02/20/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD EUGENE WARREN
70874-083
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808